E.J. FIELDS, individually and as successor in interest to E. Fields, deceased; C. Fields, individually and as successor in interest to E. Fields, deceased; Unknown Named Plaintiffs, all in their individual capacities, and all in their capacities as representatives of the classes described fully hereinbelow; Alpha Doe, in his/her capacity as a representative of the class described fully hereinbelow; Beta Roe, in his/her capacity as a representative of the class described fully hereinbelow, Plaintiffs,

and

Stephen Yagman, Appellant,

v.

Daryl GATES; Willie Williams; Bernard Parks; Richard Riordan; Tom Bradley; Richard Alarcon; Richard Alatorre; Hal Bernson; Laura Chick; John Ferraro; Michael Feuer; Ruth Galanter; Michael Hernandez; Nate Holden; Mark Ridley-Thomas; Rudy Svorinich; Joel Wachs; Rita Walters; Zev Yarolslavsky; Herbert Boechmann; Gerald Chaleff; Raymond Fisher; Dean Handsell; Deidre Hill; Art Mattox; Edith Perez; James Fisk; Janet G. Bogigian; Mary Burwell Cooper; Ellen M. Fawls; Michael K. Fox; James K. Hahn; Katherine J. Hamilton; Richard Helgeson; Thomas Hokinson; Stuart D. Hotchkiss; Annette Keller; Lenore Lashley; Honey A. Lewis; Ward G. McConnell; Louis Miller; John T. Neville; James Pearson; Tayo Popoola; Robert J. Pulone; Phillip G. Sugar; G. Daniel Woodard; Don W. Vincent, II; Unknown Named Defendants, Nos. 1–100, Who Are Either Policymakers, City Council Members, or Los Angeles Board of Police Commission Members, or Employees of The Los Angeles City Attorney's Office, Both Past and Present; Daniel Koenig; Jerry Brooks; Brian Davis; Joseph Freia; Edward Guiza; John Helms; Richard Spelman; Lawrence Winston; Phillip James Wixon; Gary Zerbey; Richard Zierenberg; J. Tortorici; Callian; J. Tippings; J. Toma; J. Callan; C. Bennett; R. Rodriguez; G. Holbrook; J. Fruge; J. Harris; R. Kraus; J. Kilgore; A. Dumler; Unknown Named Defendants, Nos. 100–200, who are

Members, or Employees, or Officers of the Los Angeles Police Department, both past and present, Defendants–Appellees.

No. 99–55605.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2000

Opinion Filed Nov. 14, 2000

Order Filed Dec. 4, 2000

Joseph Reichmann, Stephen Yagman, Yagman & Yagman & Reichmann, Venice Beach, California, Ramsey Clark, Lawrence Schilling, New York, NY, for the appellant.

Lisa S. Berger, Office of the City Attorney, Los Angeles, California, for the appellees.

Before: PREGERSON, W. FLETCHER, and RONALD M. GOULD, Circuit Judges.

ORDER

PER CURIAM:

The Memorandum disposition, filed November 14, 2000, is hereby redesignated a PER CURIAM OPINION.

OPINION

Appellant Stephen Yagman was sanctioned for "judge shopping" by the district court under Federal Rule of Civil Procedure 11 and the court's inherent power. The district court ordered that Yagman pay costs, including attorneys' fees, for the prosecution of the sanctions motion. The district court ordered further that Yagman enroll in a course in legal ethics and professional responsibility given by an accredited law school, and that he report to the court both his full attendance and the grade received in the course.

■ Appellees stated at oral argument that they have not sought, and will not seek, to enforce the order for payment of costs. The portion of Yagman's appeal directed to that issue is therefore moot. In addition, appellees concede that because the underlying case had already been dismissed when they sought sanctions, the district court had no power to sanction Yagman under Rule 11.

■ Thus, the only question before this court is whether the district court had inherent power to order that Yagman attend a course in legal ethics and responsibility. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Under the circumstances of this case, we do not affirm the imposition of this sanction. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir.1998).

REVERSED.