**CANNON PARTNERS, LTD., Plaintiff,**

v.

**CAPE COD BIOLAB CORPORATION, Douglas G. Mann, and Does I–X, inclusive, Defendants.**

No. C 01–2520 VRW.

United States District Court, N.D. California.

July 9, 2003.

Robert Diskint, Critchlow & Diskint, Greenbrae, CA, William Green, Delfino, Green & Green, San Rafael, CA, Brett Andrew Mendall, Janin, Morgan & Brenner, San Francisco, CA, for plaintiff.

Frank F. Sommers, IV, Sommers & Schwartz LLP, David B. Tillotson, Janin, Morgan & Brenner, San Francisco, CA, Robert E. Shumaker, Dewitt, Ross & Stevens S.C., Madison, WI, Robert L. Davis, San Francisco, CA, Robert L. Abbott, Greenbrae, CA, for defendants.

## ORDER

WALKER, Chief Judge.

On April 3, 2003, Magistrate Judge Zimmerman issued a report and recommendation that the court grant defendants' motion to dismiss the complaint in this action and enter default judgment against plaintiff on defendants' counterclaims. Doc # 223. Plaintiff filed a motion objecting to Magistrate Judge Zimmerman's report and recommendation on April 7, 2003. Doc # 224. For the reasons set forth below, plaintiff's motion objecting to the report and recommendation of Magistrate Judge Zimmerman (Doc # 224) is DENIED.

## I

In this action, plaintiff seeks compensation in quantum meruit for unpaid business development, consulting and management services plaintiff allegedly provided defendants. See Not of Rem (Doc # 1, Exh B). The action was removed to this court on July 2, 2001. Doc # 1.

On May 21, 2002, the court granted in part and denied in part defendants' motion to dismiss the complaint and for sanctions pursuant to FRCP 41(b) and 37(d). Doc # 101. In that order, the court directed plaintiff to pay defendants "the reasonable expenses, including attorney fees, caused by [plaintiff's] failure to answer defendants' interrogatories, to respond to defendants' discovery requests and to appear for depositions." 05/21/03 Order (Doc # 101) at 11. The court referred determination of the precise amount of these costs and fees to the Chief Magistrate Judge or her designee. *Id.*; see Ord of Ref (Doc # 114).

On August 5, 2002, Magistrate Judge Zimmerman determined the amount of these costs and fees to be $20,008.02 and ordered plaintiff to pay them "by no later than August 26, 2002." Final Det of Exp (Doc # 115) at 4 (emphasis omitted). Rather than paying the expenses as ordered, plaintiff filed a motion to reserve award and time for payment of discovery sanctions. Doc # 126. That motion was denied by the court on December 23, 2002. Doc # 199.

In its December 23, 2002, order, the court also referred a number of issues, including defendants' motion for dismissal of plaintiff's claims and default judgment on defendants' counterclaims (Doc # 130), to the Chief Magistrate Judge or her designee for determination. 12/23/02 Order (Doc # 199) at 13–14; see Ord of Ref (Doc # 206). These matters too were assigned to Magistrate Judge Zimmerman.

On February 27, 2003, Magistrate Judge Zimmerman issued the first of three orders addressing the matters that had been referred to him. Doc # 214. Because there appeared to be an additional source of untapped funds from which plaintiff might be able to draw to pay the outstanding $20,008.02 plaintiff already owed in sanctions, Magistrate Judge Zimmerman deferred ruling on the motions before him and granted plaintiff until March 10, 2003, to pay to defendant all sanctions (including interest) due defendants. *Id.* at 2.

Once plaintiff failed to meet this deadline, Magistrate Judge Zimmerman issued a second order, on March 20, 2003, in which he ruled on the matters that the court had referred to him and made a report and recommendation to the court concerning defendants' dispositive motion. Doc # 219. More specifically, Magistrate Judge Zimmerman ordered plaintiff to pay all outstanding sanctions in installments, the first of which was to be paid by March 25, 2003. *Id.* at 2. As an additional sanction, Magistrate Judge Zimmerman denied plaintiff's motions to deem certain statements by defendant Douglas Mann (Mann) admissions, to compel discovery from defendant Cape Cod Biolab Corporation (Cape Cod) and to compel discovery from Mann and for monetary sanctions. *Id.* at 3. And Magistrate Judge Zimmerman granted defendants' motion and amended motion for a protective order requiring plaintiff to respond to defendants' outstanding discovery requests. *Id.* On top of these sanctions, Magistrate Judge Zimmerman ordered the further sanction that plaintiff not be permitted to take any more discovery in this litigation. *Id.* Lastly, Magistrate Judge Zimmerman conditionally recommended that if plaintiff failed to make any of the scheduled sanction payments then defendants' motion to dismiss the complaint should be granted.

Upon receipt of a letter from defendants, dated April 2, 2003, indicating that they had received neither of the installment payments due on March 25, 2003, and April 1, 2003 (Doc # 222), Magistrate Judge Zimmerman issued a third order, reiterating his recommendation that the court grant defendants' motion to dismiss the complaint and enter default judgment on defendants' counterclaims as a final sanction for plaintiff's continued refusal to comply with the directives of the court. Doc # 223.

On April 7, 2003, plaintiff filed a motion objecting to various of the sanctions ordered and recommended by Magistrate Judge Zimmerman. Doc # 224. Defendants filed their opposition on April 24, 2003. Doc # 225. Plaintiff filed a reply on May 8, 2003. Doc # 226.

## II

Plaintiff objects to the recommendation that the court grant defendants' motion to dismiss the complaint and for default judgment on defendants' counterclaims on four grounds: (1) such relief is not authorized by FRCP 37(d); (2) the ruling would violate plaintiff's due process rights; (3) there is no nexus between plaintiff's failure to pay monetary sanctions and "the rightful decision of the case;" and (4) the "extreme circumstances" required to authorize terminating sanctions are not here present. Plaintiff also objects to non-dispositive sanctions imposed by Magistrate Judge Zimmerman: (1) the order directing the payment of $20,008.02 plus interest from August 26, 2002, in sanctions as "unjust" and in violation of FRCP 37(d), as inconsistent with the court's May 21, 2002, order and as not related to the discovery failures for which plaintiff was to be sanctioned; (2) the protective order granted defendants as improper because it is a punishment for nonpayment of sanctions in violation of plaintiff's due process rights; (3) the order denying plaintiff's motion to compel discovery as improper; (4) the order preventing plaintiff from taking further discovery as improper; and (5) the order directing plaintiff to respond to defendant's discovery requests as beyond the jurisdiction of Magistrate Judge Zimmerman. Pl Obj (Doc # 224) at 2–3.

## A

The court first takes up plaintiff's last group of objections, those directed at the non-dispositive sanctions.

 Because each of these is an objection to a non-dispositive pretrial decision of the magistrate judge, any objection to these orders was required to have been lodged with the court within 10 days after plaintiff received service of the magistrate judge's order.. FRCP 72(a). "[A] party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." *Id.*

"Parties in cases subject to [the Northern District of California's Electronic Case File Program or] ECF shall make available elec-

tronic mail addresses for service." Gen Ord 45, IX.A. "The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case * * * shall constitute service on the attorney or other persons in a case subject to ECF." *Id.*, IX.B. "Orders filed by the court in cases designated for electronic filing will be served only via the email Notice of Electronic Filing. No paper service will be made by the court." *Id.*, IX.D. As a result, service of an order upon a party in litigation subject to ECF occurs on the date the order is electronically filed by the court.

Other than Magistrate Judge Zimmerman's recommendation to the court regarding defendants' motion to dismiss and for default judgment, all sanctions against plaintiff to which plaintiff now objects were imposed by Magistrate Judge Zimmerman in his March 20, 2003, order. Doc # 219. Plaintiff's objections to the order imposing those sanctions, filed on April 7, 2003, are untimely. Doc # 224. By rule, the issues raised by those objections may not be assigned as error. FRCP 72(a). Accordingly, plaintiff's motion, insofar as it objects to the imposition of those sanctions (Doc # 224), is DENIED.

### B

### 1

That leaves plaintiff's objections to the report and recommendation of Magistrate Judge Zimmerman that the court grant defendants' motion to dismiss the complaint and for default judgment on defendants' counterclaims. These objections are to a dispositive motion. Objections to a magistrate judge's report and recommendation regarding a dispositive motion are governed by FRCP 72(b) and Civ LR 72–3. FRCP 72(b) permits an objecting party to file "specific, written objections to the proposed findings and recommendations" of a magistrate judge "within 10 days after being served with a copy thereof." *Id.* The non-objecting party then has 10 days in which to file an opposition. *Id.*

Civil Local Rule 72–3 requires "[a]ny objection filed pursuant to FRC[ ]P 72(b) and 28 USC § 636(b)(1)(B) [to be] accompanied by a motion for *de novo* determination, specifically identify[ing] the portions of the [m]agistrate [j]udge's findings, recommendation or report to which objection is made and the reason and authority therefor." Civ LR 72–3(a). "Except when the [c]ourt grants a motion for expansion or addition to the record or for an evidentiary hearing, the [c]ourt's review and determination of objections filed pursuant to [Civ LR] 72–3(a) shall be upon the record of the proceedings before the [m]agistrate [j]udge."

Plaintiff's objections to Magistrate Judge Zimmerman's April 3, 2003, report and recommendation were timely filed and otherwise comply with the requirements of FRCP 72(b) and Civ LR 72–3. Neither FRCP 72(b) nor Civ LR 72–3, however, authorizes the filing of a reply brief in support of objections to a magistrate judge's recommendation and report regarding a dispositive motion. Accordingly, the court has not considered plaintiff's reply brief of May 8, 2003, in analyzing plaintiff's objections to the recommendation and report of Magistrate Judge Zimmerman.

### 2

Sanctions under FRCP 37 are limited to the punishment of discovery-related misconduct. The Ninth Circuit has declined to extend the range of FRCP 37 sanctions to discovery disputes not contemplated by the rule itself. *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 380–81 (9th Cir.1988).

■ Plaintiff argues that, as a result, dismissal or default judgment may not be entered because FRCP 37(d), one source of authority for the initial sanction levied against plaintiff, does not authorize such relief. The sanction of dismissal and default judgment recommended by Magistrate Judge Zimmerman and under consideration here, however, is not a discovery sanction authorized by FRCP 37, but rather a sanction for plaintiff's ongoing refusal to obey orders of the court and its failure to prosecute pursuant to FRCP 41(b). Terminating sanctions are available under FRCP 41(b), provided the sanctioning court considers the

relevant factors in reaching its termination to dismiss or enter default judgment. See *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir.1999).

■ "[D]ismissal [or another terminating sanction] is a harsh penalty and, therefore, it should only be imposed in *extreme circumstances." Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) (emphasis in original). Before ordering such a sanction under FRCP 41(b), "the court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.' " *Yourish,* 191 F.3d at 990 (quoting *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir.1998); additional internal citations omitted). Although not a categorical requirement, as a general rule, the district court should make explicit findings concerning each factor before dismissing an action for a party's failure to comply with court orders. *Ferdik,* 963 F.2d at 1261. Dismissal (or another terminating sanction) is proper "where at least four [of the five] factors support dismissal, * * * or where at least three factors 'strongly' support dismissal." *Yourish v. Calif. Amplif.,* 191 F.3d 983, 990 (9th Cir.1999) (quoting *Ferdik,* 963 F.2d at 1263).

■ In the case at bar, the first two factors, expeditious resolution of litigation and the court's need to manage its docket, weigh strongly in favor of terminating sanctions. The greatest obstacle to plaintiff's prosecution of this case has been plaintiff itself. Plaintiff has serially failed to comply with orders issued by the court and by Magistrate Judge Zimmerman. Plaintiff has impeded defendants' attempts to take discovery to the point that the court has been required to stay all discovery pending resolution of the very disputes that form the basis for the issued and proposed sanctions. And plaintiff, despite repeated opportunities, has failed credibly to explain its inability to make even a minimal effort toward fulfilling its obligations to pay sanctions already imposed. Not only has plaintiff's course of conduct brought this litigation to standstill, it has stripped the court of its ability to direct the course of this litigation.

The prejudice to defendants also strongly weighs in favor of terminating sanctions. Defendants have been effectively blocked from taking meaningful discovery from plaintiff. They have not been paid even a fraction of the sanctions owed them by plaintiff, although plaintiff has been afforded every opportunity to pay some or all of the amount owed. As a result of plaintiff's dilatoriness, two trial dates have been vacated and, as just discussed, this litigation has been brought to a standstill by the very party that allegedly seeks to prosecute it.

In considering the fourth factor, the court notes that, if this case were not dismissed, plaintiff has provided the court no reason to believe that the case would ever be resolved on the merits. Plaintiff's demonstrated history of failing to prosecute comply with court orders suggests the contrary. This factor, too weighs in favor of dismissal.

Lastly, the court considers the availability of less drastic sanctions. Both the court and Magistrate Judge Zimmerman have attempted to impose lesser sanctions to curb plaintiff's behavior. If the history of these proceedings demonstrates anything, it is that monetary sanctions are ineffective to spur plaintiff to obey the court's orders. The imposition of monetary sanctions appears to have precisely the opposite effect.

Magistrate Judge Zimmerman did not recommend dismissal or the entry of default judgment on defendants' counterclaims either quickly or lightly. He gave plaintiff several opportunities to meet its obligations to pay sanctions to defendants. He imposed additional non-monetary sanctions relating to discovery disputes between the parties. He then expressly conditioned his recommendation on plaintiff's further refusal to comply with court orders and warned plaintiff explicitly in advance that such a recommendation would follow its continued refusal to comply with the directives of the court. At this juncture, terminating sanctions appear to be the only practical course.

The court of appeals has held that the extreme circumstances required to warrant the sanction of dismissal of a plaintiff's complaint exist if "at least four [of the five] factors support dismissal, * * * or where at least three factors 'strongly' support dismissal." *Ferdik,* 963 F.2d at 1263. In this instance, all five factors favor dismissal of the complaint as an appropriate sanction to impose against plaintiff. And that shall be the ruling of the court.

The court will, however, stop short of the full extent of the sanctions recommended by Magistrate Judge Zimmerman. Defendants have moved for dismissal of plaintiff's complaint and default judgment on defendants' counterclaims and Magistrate Judge Zimmerman has recommended granting that motion. The court can and does choose, however, to limit the sanction imposed at this juncture to dismissal of plaintiff's complaint. By so doing, the court is able to impose a suitably weighty sanction against plaintiff for its unrepentant refusal to comply with court orders in this case, but also to fashion a sanction that falls short of the harshest that the court could conceivably impose: dismissal of plaintiff's complaint and default judgment against plaintiff on defendants' counterclaims.

Default judgment on defendants' counterclaims has additional implications for plaintiff's due process rights. The Ninth Circuit has held "that default may not be entered as a sanction for a party's deception where that deception relates only to a peripheral matter not at issue in the suit." *Phoceene Sous–Marine, S A v. U S Phosmarine, Inc.,* 682 F.2d 802, 807 (9th Cir.1982). While the Ninth Circuit has concluded that a party's "cantankerous behavior, taken as a whole," can be closely related to the merits of ongoing litigation, so that default judgment may be entered as a sanction against a party that engages in vexatious litigation tactics, the court is mindful that a default judgment against plaintiff in this instance would, unlike dismissal of its complaint, expose plaintiff to additional financial and other liability to defendants. See *Estrada v. Speno & Cohen,* 244 F.3d 1050, 1058 (9th Cir.2001). The threat of that exposure remains even without

entry of default judgment on defendants' counterclaims, as defendants may prevail on those counterclaims. Further, of course, plaintiff's continued obstruction and contumely will leave the court no alternative but to grant a default judgment on the counterclaims.

### III

In sum, plaintiff's motion objecting to the orders and report and recommendation of the magistrate (Doc # 224) is DENIED. In keeping with the report and recommendation of Magistrate Judge Zimmerman, plaintiff's complaint is DISMISSED, pursuant to FRCP 41(b), as a sanction for plaintiff's failure to prosecute its case and repeated refusal to comply with court orders. See Doc # 222.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT

ZIMMERMAN, United States Magistrate Judge.

Attached to this Order is defendants' March 26, 2003 letter notifying the court of plaintiff's failure to comply with the payment schedule contained in my March 20, 2003 order. Plaintiff has not replied to this letter. Pursuant to my March 20 order, I recommend that defendants' motion to dismiss plaintiff's complaint be granted.

Dated April 4, 2003.