MEMORANDUM ***
Linda Lindsey appeals pro se from the district court’s order dismissing her action for failure to comply with a court order allowing her to file an amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion, Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir.1998), and we reverse and remand.
The Secretary argues that Lindsey’s appeal is solely from the denial of her Rule 60(b) motion, and not from the underlying dismissal. We disagree. Lindsey filed a timely notice of appeal. See Fed. R.App. P. 4(a)(7)(A)(ii); Solis v. County of Los Angeles, 514 F.3d 946, 951 (9th Cir.2008). Therefore, our review is of the dismissal of the action. See Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir.1992).
The district court dismissed the action for failure to comply with a court order. However, Lindsey did file a document that she intended to be an amended complaint, and there is no indication that the court considered sanctions less drastic than dismissal or that the court warned Lindsey that dismissal was imminent. The circumstances of this case do not justify dismissal. See Hernandez, 138 F.3d at 400 (concluding that the case did “not *616 present ‘exceptional circumstances’ of ‘unreasonable delay’ so as to justify dismissal” for lack of prosecution); see also Oliva, 958 F.2d at 274 (reversing dismissal for lack of prosecution and failure to comply with a court order, and explaining that “[wjhile explicit discussion of alternative sanctions is not always necessary, this case does not present the egregious circumstances, or the court’s use of less drastic measures prior to dismissal, that obviate the need for explicit discussion of alternatives”) (internal citation omitted).
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.