**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM TOWNSEND, Jr.,

            Plaintiff - Appellant,

  v.

D. K. SISTO; et al.,

            Defendants - Appellees.

No. 10-16708

D.C. No. 2:09-cv-02342-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Magistrate Judge, Presiding[**]

Submitted October 25, 2011[***]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

California state prisoner William Townsend, Jr. appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    Townsend consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment violations in connection with a fall he sustained in the prison showers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We reverse and remand.

Dismissal of Townsend's action was improper, at this early stage, because Townsend alleged that prison officials were aware that the poorly maintained shower floors posed a significant threat to inmate safety yet failed to take reasonable measures to avoid that threat. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official violates the Eighth Amendment prohibition against inhumane conditions of confinement if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm); *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("Slippery floors without protective measures could create a sufficient danger to warrant relief.").

Accordingly, we reverse the judgment, and remand with instructions for the district court to order service of the operative second amended complaint by the United States Marshal.

We deny Townsend's request to remand this case to a different judge or court because the record does not indicate that the case presents the rare

circumstances necessary to warrant reassignment.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 402-03 (9th Cir. 1998).

Townsend shall bear his own costs on appeal.

**REVERSED and REMANDED.**