FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOBBY SHANE CHARLTON, | No. 11-35147 |
| Plaintiff - Appellant, | D.C. No. 6:09-cv-01246-TC |
| v. | |
| OREGON DEPARTMENT OF CORRECTION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Former Oregon state prisoner Bobby Shane Charlton appeals pro se from the

district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action

for failure to exhaust administrative remedies under the Prison Litigation Reform

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We vacate and remand.

The district court dismissed for failure to exhaust administrative remedies after interpreting a statement in Charlton's motion for extension of time as a concession to nonexhaustion. However, Charlton later clarified that his statement had been misinterpreted and that he did not in fact concede nonexhaustion. Charlton also did not have the opportunity to oppose defendants' motion to dismiss before the district court dismissed for nonexhaustion. Accordingly, we vacate the judgment, and remand for further proceedings consistent with our disposition, including for the district court to allow Charlton an opportunity to oppose defendants' motion to dismiss. *See id*. at 1119-20 & n.14 (defendants have burden of raising and proving nonexhaustion, and plaintiff must be provided fair notice of opportunity to develop a record before a dismissal for nonexhaustion).

We decline to consider defendants' alternate arguments, raised for the first time on appeal, that Charlton's operative complaint fails to state a claim. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We deny Charlton's request to remand this case to a different magistrate judge because the record does not indicate that the case presents the rare

circumstances necessary to warrant reassignment. *See Hernandez v. City of El Monte*, 138 F.3d 393, 402-03 (9th Cir. 1998) (discussing factors for determining whether reassignment is appropriate).

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**