**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ST VENTURES, LLC, a Utah corporation, | No. 15-16739 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-01058-LJO-SMS |
| v. | |
| KBA ASSETS AND ACQUISITIONS, LLC, a Nevada corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted October 13, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and TROTT, Circuit Judges.

ST Ventures, LLC, appeals the district court's dismissal of its action

pursuant to Federal Rule of Civil Procedure 41(b) for failing to comply with court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

orders and the subsequent denial of its motion for reconsideration under Federal Rule of Civil Procedure 59(e). Because the parties are familiar with the facts, we need not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in dismissing the action.[1] The district court properly applied the five factor test applicable to involuntary dismissals. This test considers "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). The district court concluded that all factors except the fourth favored dismissal.

We agree. Appellant's multiple missed deadlines and requests for extensions made it impossible for the district court to issue a scheduling order in over three years. The resulting delay and disorganization lead the first factor

---

[1] We review both the dismissal and the denial of the motion for reconsideration for abuse of discretion. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (Rule 41(b) review standard); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (Rule 59(e) review standard).

(expeditious resolution of litigation) and second factor (docket management) to favor dismissal.

The duration of the delay is also unreasonable, which leads to a presumption of prejudice. *In re PPA*, 460 F.3d at 1227 (citations omitted). Appellant is unable to rebut this presumption of prejudice because it does not present a legitimate (*i.e.*, non-frivolous) excuse for its failure to abide by the multiple orders requiring the amended complaint to be identical to the version previously reviewed by the district court. *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994). Therefore, the third factor (risk of prejudice to the defendants) weighs in favor of dismissal.

Finally, before dismissal, the district court advised Appellant that future failure to comply with orders could result in "any and all sanctions" and granted Appellant leave to amend again to remedy the filing error. This warning and attempt at alternative remedies demonstrate that the fifth factor (the availability of less drastic sanctions) weighs in favor of dismissal. *In re PPA*, 460 F.3d at 1229 (citations omitted).

With four of five factors weighing in favor of dismissal, the district court did not abuse its discretion in dismissing the action or in denying the motion for reconsideration. *Hernandez v. City of Elmonte*, 138 F.3d 393, 399 (9th Cir. 1998) (citing *Malone*, 833 F.2d at 133 & n.3).

**AFFIRMED.**