**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUANITA EPPERSON, | No. 19-55352 |
| Plaintiff-Appellant, | D.C. No.<br>2:17-cv-06481-TJH-JEM |
| v. | |
| WAL-MART STORES, INC.; DOES, 1 to 50, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted June 2, 2020[**]
Pasadena, California

Before: LIPEZ,[***] RAWLINSON, and N.R. SMITH, Circuit Judges.

In this diversity slip-and-fall case, plaintiff-appellant Juanita Epperson

claims that the district court abused its discretion in dismissing her case for failure

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  She asserts that the court should have imposed a less severe sanction for her conceded neglect of various pretrial scheduling requirements.   We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

When considering a motion to dismiss for lack of prosecution, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  We review for abuse of discretion a district court's dismissal of a case for lack of prosecution. *Id.* at 398.

The district court considered each of the five so-called *Henderson* factors.  First, with respect to managing the docket (factor two), the court stated that Epperson had failed on multiple occasions to comply with court orders and the Local Rules.  Then, after acknowledging the "policy favoring the disposition of cases on their merits" (factor four), the court noted the counterbalancing interest of the public and the parties in the expeditious resolution of disputes (factor one), and it stated that the delay had prejudiced Wal-Mart's ability "to adequately litigate this matter" (factor three).  Finally, the court stated that it had considered lesser

2                                                                      19-55352

sanctions (factor five), but "lack[ed] any belief that Epperson will comply with any future orders," as evidenced by her past conduct.

The court thus concluded: "After weighing the relevant factors and the record, dismissal for lack of prosecution is warranted and appropriate." The court acted well within its discretion with this ruling.

**AFFIRMED.**