**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS LOVELADY,

             Plaintiff - Appellant,

  v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; et al.,

             Defendants - Appellees.

No. 14-15227

D.C. No. 2:12-cv-01290-RCJ-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Submitted April 15, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

Dennis Lovelady appeals the district court's dismissal of his complaint for

failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We

affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." District courts must weigh five factors before dismissing an action under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). The panel "may affirm [the district court's dismissal] where at least four factors support dismissal or . . . at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Although the district court did not make explicit findings to show that it had considered the *Ferdik* factors, "we may review the record independently to determine if the district court has abused its discretion." *Ferdik*, 963 F.2d at 1261.

The first factor—the public's interest in expeditious resolution of litigation—favors dismissal. The district court ordered Lovelady to either retain new counsel or file a statement that he would be proceeding pro se by December 26, 2012. Lovelady did not retain new counsel, and he did not file a

notice that he would be proceeding pro se until June 2013. Given the delay of nearly six months, this factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (finding that public's interest in expeditious resolution weighed in favor of dismissal where plaintiff failed to pursue the case for almost four months).

The second factor—the court's need to manage its docket—favors dismissal. The district court is in the best position to determine whether Lovelady's delay interfered with its docket management. *Id.* Accordingly, we defer to the district court's judgment in order to preserve its "power to manage [its] docket[] without being subject to the endless vexatious noncompliance of litigants like [Lovelady]." *Ferdik*, 963 F.2d at 1261.

The third factor—the risk of prejudice to the defendants—favors dismissal. Lovelady failed to respond to Defendants' discovery requests and has not offered a reasonable explanation for his delay. Further, Lovelady's "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643.

The fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal. This policy "is particularly important in civil

rights cases" such as Lovelady's. *See Hernandez*, 138 F.3d at 399 (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)).

Finally, the fifth factor—the availability of less drastic alternatives—favors dismissal. The district court tried less drastic alternatives by twice extending the deadline for Lovelady to respond. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."). Further, the district court repeatedly warned Lovelady that failure to obey the court's orders would result in dismissal. *See id.* ("[T]he case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement.").

Based on our independent review, four of the *Ferdik* factors favor dismissal, and we conclude that the district court did not abuse its discretion in dismissing Lovelady's complaint.

**AFFIRMED.**