**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD WESLEY SIMS,

            Plaintiff - Appellant,

v.

OFFICER K. LEE, No. 17046, official capacity; et al.,

            Defendants - Appellees.

No. 13-56820

D.C. No. 2:13-cv-01548-DDP-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 24, 2016[**]

Before:      REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

        Ronald Wesley Sims appeals pro se from the district court's judgment

dismissing his action alleging various federal and state law claims related to a

traffic stop.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, we deny Sims' request for oral argument, set forth in his opening brief.

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed as barred by the Eleventh Amendment Sims' claims against the State of California, the California Highway Patrol and defendant Lee in his official capacity. *See Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (the Eleventh Amendment bars suits against the State, its agencies, and state officials sued in their official capacities).

The district court properly dismissed Sims' claims against Kruger Towing Company and Lee in his individual capacity because Sims failed to allege facts sufficient to state any plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)). The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Sims' state law claims against these defendants. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review and explaining that "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and

internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing with prejudice Sims' claims against the United States after Sims failed to file an opposition to the United States' motion to dismiss, despite being admonished of the need to do so and warned that failure to respond could result in dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640, 642 (9th Cir. 2002) (setting forth standard of review for dismissal for failure to comply with a court order, and factors for determining whether to dismiss for failure to comply with a court order or prosecute); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (setting forth standard of review for dismissal for failure to prosecute).

The district court did not abuse its discretion by denying Sims' motion for default judgment against the United States because Sims failed to make a showing justifying the entry of default judgment and the clerk never entered a default. *See* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court."); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (setting forth standard of review and explaining that Rule 55 requires first the entry of a default and then entry of default judgment).

Sims waived his right to appeal the denial of his motion to file a

supplemental complaint because he failed to file timely objections to the magistrate judge's order. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

We reject as without merit Sims' contentions that the district court was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

13-56820