**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDITH MENBRENO; LUIS SORIANO,

        Plaintiffs-Appellants/Cross-Appellees,

v.

JONATHAN STRINGER,

        Defendant-Appellee/Cross-Appellant.

Nos.  18-55239, 18-55315

D.C. No. 2:16-cv-00687-MRW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding

Argued and Submitted August 16, 2019
Pasadena, California

Before: SCHROEDER and R. NELSON, Circuit Judges, and LEFKOW,** District
Judge.

    Edith Menbreno and Luis Soriano appeal from the district court's final

judgment dismissing their case for failure to prosecute. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

Menbreno and Soriano, citizens and residents of El Salvador, sued Officer Stringer for fatally shooting their son. Because of logistical difficulties and to spare them the discomfort of discussing their son's death unless necessary, the parties stipulated in September 2017 to deferring the plaintiffs' depositions in Los Angeles until after the district court ruled on Stringer's motion for summary judgment. Unbeknownst to Stringer, however, Menbreno was denied a visa to travel to the United States, and there is no evidence in the record that Soriano ever applied for one.

The district court denied summary judgment, and Stringer tried to schedule the plaintiffs' depositions. Plaintiffs' counsel then told Stringer's counsel for the first time, about three weeks before trial, that the plaintiffs could not travel to the United States. Plaintiffs did not notify the court until the final pretrial conference, ten days before trial. The court granted plaintiffs' motion for leave to testify remotely, finding that they had "(barely) shown good cause and compelling circumstances due to immigration complications." The court warned that if counsel could not "secure the appearance of either or both of the parents for deposition and trial testimony, the parties must be prepared to explain whether trial can proceed."

Neither plaintiff was deposed. At the appointed hour for the plaintiffs' remote testimony, Soriano did not appear, and Menbreno's video feed could not connect to the courthouse. After over twenty minutes of futile attempts to connect

the feed, the court excluded the plaintiffs' testimony and granted Stringer's motion to dismiss the action for the plaintiffs' failure to prosecute.

We review a dismissal for failure to prosecute for an abuse of discretion. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). "The district court's dismissal will only be disturbed if there is 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors.'" *Pagtalunan v. Galaza*, 291 F.3d 639, 640–41 (9th Cir. 2002) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). We consider five factors in review of dismissals for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260–61). This court "may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Yourish v. Calif. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

The district court expressly considered the required five factors, and we find no abuse of discretion. The public interest in expeditious resolution and the court's docket management favored dismissal. *Yourish*, 191 F.3d at 990; *In re Eisen*, 31

F.3d 1447, 1452 (9th Cir. 1994).

Stringer was prejudiced. He deferred and eventually lost the chance to depose his opponents, relying on their promise to be present for depositions in the United States after the close of discovery. He was then put to the burden and expense of a trial for which the plaintiffs were not prepared to proceed. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (citing *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980)). Soriano had no excuse; he made no attempt to be present. Menbreno's excuse was better but not so strong that this factor flips in her favor. Although she at least applied for a visa and attempted to testify, her counsel's tardy disclosure forced her to rely on foreseeably unreliable technology without a contingency plan. The district court gave her ample opportunity to proceed but she could not. That the last of several failures was not her fault does not alleviate the prejudice to Stringer.

Nor were lesser alternatives available. Plaintiffs argue that the court should have permitted them to testify by audio only. The court found that audio-only testimony would lack adequate safeguards. The parties and court staff had repeatedly told the court that they had difficulty connecting to El Salvador. What audio the court heard from the attempted video link contained audible feedback

and cut in and out. Because plaintiffs' proposed alternative was not viable, the fourth factor weighed in favor of dismissal.

Finally, the public policy in favor of disposing cases on the merits ordinarily weighs against dismissal. *Yourish*, 191 F.3d at 992. But it was not clear that the case could have been resolved on the merits with two absentee plaintiffs claiming to succeed to the rights of a decedent but unable to testify to their relationship to him. This factor weighed at most slightly against dismissal.

Because four factors weighed in favor of dismissal and one only slightly against, we affirm. *Id.* at 990. Having affirmed the dismissal for failure to prosecute, we need not address the remaining issues on appeal and cross-appeal. *See Al-Torki*, 78 F.3d at 1385–86 (holding interlocutory issues not reviewable where this court affirms dismissal for failure to prosecute).

**AFFIRMED.**