NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICK KOUDIS, | No. 19-56016 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-04080-R-GJS |
| v. | |
| REAL ESTATE HEAVEN INTERNATIONAL, INC., DBA The College of Real Estate, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 5, 2020[**]
Anchorage, Alaska

Before: CHRISTEN, WATFORD, and BADE, Circuit Judges.

Nick Koudis appeals the dismissal of this copyright infringement action for

failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291, we review for

an abuse of discretion, *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994), and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

vacate and remand.

"We require the district court to weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* When, as here, the district court does not make explicit findings, "we may review the record independently to determine if the district court has abused its discretion." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (as amended)). "Because '[d]ismissal is a harsh penalty,' . . . it is appropriate 'only in extreme circumstances' of 'unreasonable delay.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998) (first alteration in original) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the third, fourth, and fifth factors weigh strongly against dismissal. Koudis diligently prosecuted this action, his single request for an extension of time was reasonable and nonprejudicial, and the district court dismissed the case only eighty-one days after it was filed and just thirty-six days after entry of default. The harsh penalty of dismissal was therefore unwarranted. We also have no indication from the record that the district court considered less drastic alternatives, as our

2

case law requires.  *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228-29 (9th Cir. 2006).

**VACATED AND REMANDED.**