**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

MAY 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EPICENTER LOSS RECOVERY LLC,

Plaintiff-Appellant,

and

EPICENTER PARTNERS LLC; et al.,

Plaintiffs,

v.

BURFORD CAPITAL LIMITED;
GANYMEDE INVESTMENTS
LIMITED,

Defendants-Appellees.

No.    20-15391

D.C. No. 2:18-cv-03300-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted May 4, 2021
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CHRISTEN and BENNETT, Circuit Judges, and FRIEDMAN,[**] District Judge.

Epicenter Loss Recovery LLC (Epicenter) appeals the district court's sua sponte order dismissing their complaint against Burford Capital Ltd. and Ganymede Investments Ltd. (Burford). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand with instructions to reinstate the stay of proceedings pending arbitration. Because the parties are familiar with the facts, we recite only those necessary to resolve this appeal.

We review for abuse of discretion a district court's order imposing dismissal as a sanction. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (*In re PPA*). When considering whether to dismiss a case for failure to comply with a court order, a district court typically considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors[,] and

---

[**] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

we may review the record independently to determine if the district court has abused its discretion." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

We review the first two factors together. *In re PPA*, 460 F.3d at 1227. Here, it is difficult to gauge the actual impact of this case on the court's ability to manage its docket, because the district court made no findings regarding these factors. The record shows that no hearings were held, only four orders were issued (one paperless), and four status reports were submitted while the case was stayed pending arbitration. *Cf. Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788–89 (9th Cir. 2011) (finding interference with court's management of its docket where defendants' substantial misconduct during discovery required significant court involvement, including repeated orders and hearings).

We next consider prejudice. When a plaintiff has unreasonably delayed litigation, we presume prejudice. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). This presumption can be rebutted if the plaintiff produces evidence showing the reason for the delay was not frivolous. *Id.* If such evidence is produced, the burden shifts to the defendant to show "at least some actual prejudice." *Id.* at 1453 (citation omitted). If the defendant shows prejudice, the plaintiff "must persuade the court that the claims of prejudice are illusory or relatively insignificant in light of his excuse." *In re PPA*, 460 F.3d at 1228.

3

Whether the prejudice is significant depends on "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Epicenter's representations provided reasonable explanations for the delay in initiating arbitration. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753–54 (9th Cir. 2002). Burford did not show, here or before the district court, how the delay caused it any prejudice apart from its contention that the pending litigation might harm its reputation in the business community. *See In re PPA*, 460 F.3d at 1227–28. The prejudice to Burford does not significantly weigh in favor of dismissal.

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal" as a sanction, though this factor can flip if the plaintiff unreasonably delays a case. *Id.* at 1228. Here, this factor weighs against dismissal because Epicenter's claim is subject to a two-year statute of limitations, and it appears the limitation period may have expired. *See* Ariz. Rev. Stat. § 12–542; *Clark v. Airesearch Mfg. Co. of Ariz., Inc.*, 673 P.2d 984, 987 (Ariz. Ct. App. 1983); *see also Lemoge v. United States*, 587 F.3d 1188, 1195–96 (9th Cir. 2009) (reversing dismissal, in case examining excusable neglect, because plaintiff would suffer the "ultimate prejudice" of being unable to file claims due to expiration of

4

the statute of limitations). It is not clear the district court was aware of this, as its order indicated an intention to dismiss Epicenter's complaint without prejudice. This factor weighs against dismissal because Epicenter may lose the right to challenge Burford in court should the arbitrator decide it does not have jurisdiction or that any of the claims are not arbitrable.

The final factor is the availability of less drastic alternatives. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131–32 (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). When reviewing a sua sponte order of dismissal, we afford special consideration to the lack of warning and failure to consider less drastic alternatives. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

Here, the record does not show the district court provided notice that dismissal was imminent or considered less drastic alternatives. The district court's August 21 order to show cause did not provide notice because a subsequent order, issued after Epicenter responded to the August 21 order, informed the parties that the court was "satisfied" that Epicenter was diligently working to commence arbitration. In all subsequent joint status reports, Epicenter complied with the

5

additional reporting requirements the district court ordered. The August 2 order threatened Epicenter with dismissal only if Epicenter failed to obtain new counsel, but substitute counsel filed an entry of appearance on August 8, 2019. There was no other warning that dismissal was imminent. Dismissal with the inability to relitigate claims is an extreme sanction and one that is disfavored absent egregious conduct. *See Lemoge*, 587 F.3d at 1195–96. The record does not demonstrate that the district court's sua sponte dismissal order was appropriate here.

**REVERSED AND REMANDED,** with the parties to bear their own costs.