NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOANG MINH LE, an individual, Plaintiff-Appellant, v. PATRICIA A. MCRAE, an individual, Defendant-Appellee. | No. 22-55419 D.C. No. 5:22-cv-00209-JGB-KK Central District of California, Riverside MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted December 9, 2022[**]
Pasadena, California

Before: M. SMITH, COLLINS, and LEE, Circuit Judges.

Hoang Minh Le appeals the dismissal of his Americans with Disabilities Act

and California Unruh Act claims for failure to prosecute. Le argues that the district

court abused its discretion when it dismissed the lawsuit sua sponte after he failed to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

timely file a case statement.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's dismissal of Le's claims.

We review a district court's dismissal for failure to prosecute for abuse of discretion, meaning that we will not reverse absent "a definite and firm conviction that the [district court] committed a clear error of judgment in the conclusion it reached." *Pagtalunan v. Galaza*, 291 F.3d 639, 640–41 (9th Cir. 2002) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)).

We consider five factors when assessing a district court's dismissal for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).  We may affirm a district court's dismissal where at least four of these five factors weigh in favor of dismissal, or at least three factors strongly weigh in favor of dismissal.  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).

Here, three factors strongly weigh in favor of dismissal.  The public interest in expeditious resolution of litigation always supports dismissal.  *Pagtalunan*, 291 F.3d at 642.  The district court's need to manage its docket also favors dismissal, as the district court "is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  *Id.*; *see In re*

2

*Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Finally, because Le did not present any non-frivolous excuse for his delay in filing the case statement, we presume prejudice from his failure to prosecute this case. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998).

While the district court's failure to consider alternatives and the public policy favoring resolution of cases on their merits may weigh against dismissal, we lack "a definite and firm conviction" that the district court erred in dismissing Le's claims because the three remaining factors strongly support dismissal. *See Pagtalunan*, 291 F.3d at 640 (quoting *Ferdik*, 963 F.3d at 1260). The district court thus did not abuse its discretion in dismissing Le's claims.

**AFFIRMED.**